**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 04-4466**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL A. JENKINS,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (CR-02-105)

───────────

Submitted:  November 21, 2005       Decided:  December 19, 2005

───────────

Before WILLIAMS and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Windy C. Venable, Research and Writing Attorney, Raleigh, North Carolina, for Appellant.  Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Anthony Jenkins pled guilty to conspiracy to possess with intent to distribute at least fifty grams of cocaine base, 21 U.S.C. §§ 841, 846 (2000), and possessing and brandishing a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1) (2000). The district court sentenced Jenkins to 292 months of imprisonment. Jenkins' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but asserting that Jenkins was sentenced in violation of United States v. Booker, 125 S. Ct. 738 (2005). Jenkins has filed a pro se supplemental brief. Finding no reversible error, we affirm.

Jenkins challenges his sentence as a career offender, see U.S. Sentencing Guidelines Manual § 4B1.1 (2002), under Booker. Specifically, he argues that his sentence was improperly enhanced based on prior convictions. Because Jenkins did not object below, this claim is reviewed for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). This court has held that, where the facts are undisputed, the application of the career offender enhancement falls within the exception for prior convictions. United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005); accord United States v. Guevara, 408 F.3d 252, 261 (5th Cir. 2005) ("Career offender status is not 'a sentencing judge's determination of a fact other than a prior conviction.' . . . Booker explicitly

excepts from Sixth Amendment analysis the third component of the crime of violence determination, the fact of two prior convictions."); see also United States v. Harp, 406 F.3d 242, 247 (4th Cir.) (finding no plain error in the district court's designation of Harp as a career offender), cert. denied, 126 S. Ct. 297 (2005). Accordingly, we find that the district court did not err in designating Jenkins as a career offender and that Jenkins' sentence does not violate the Sixth Amendment in this regard. To the extent Jenkins alleges that the district court committed error under Booker by sentencing him under a mandatory application of the guidelines, Jenkins has failed to demonstrate that the plain error in sentencing him under a mandatory guideline scheme affected his substantial rights. See United States v. White, 405 F.3d 208, 223 (4th Cir.), cert. denied, 74 U.S.L.W. 3302 (U.S. Nov. 14, 2005)(No. 05-6981).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We have also reviewed the pro se issues raised by Jenkins and conclude they are without merit. We therefore affirm Jenkins' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave

to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because  the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED